MONTELL *v.* DÍAZ CANEJA.

APPEAL from the District Court of San Juan.

No. 105.—Decided May 12, 1906.

APPEAL—EVIDENCE—BILL OF EXCEPTIONS—STATEMENT OF FACTS.—In order that the Supreme Court may consider on appeal the evidence taken during the trial, it is necessary that the same be set forth in a bill of exceptions or statement of facts.

DAMAGES AND LOSSES—ATTACHMENT.—Where a party has obtained an attachment which is subsequently dissolved, he cannot be held responsible for the remote consequences thereof which have no direct and necessary relation thereto.

ID.—COSTS.—The imposition of costs is the only punitive measure to be applied in each case where the unwarranted demands of the litigant have been denied.

The facts are stated in the opinion.

*Mr. Moraza* for appellant.

*Mr. Morera* for respondent.

MR. JUSTICE HERNÁNDEZ delivered the opinion of the court.

On September 15, 1904, Julio Montell brought an action in the Municipal Court of Bayamon against Rev. Manuel Díaz Caneja, collector of religious foundations, for the recovery of

the sum of $446, as indemnity for loss and damage caused by the attachment for one year of the sum of $480, alleging in his complaint the following facts:

"First. In the month of May of last year Rev. Díaz Caneja, as collector general of religious foundations, filed a complaint in an oral civil action in this municipal court against Julio Montell, seeking to recover $400, representing two annuities (*censos*), and the interest thereon, which he alleged encumbered an estate possessed by the latter in Guaynabo, in favor of a religiuos foundation, and which, at that time, Montell had sold to Federico Hawes.

"Second. To ensure the enforcement of the judgment rendered in due time, he requested and obtained, upon furnishing bond in the sum of $200, the attachment of $480 in the hands of the purchaser as part of the price of the sale.

"Third. The action followed its legal course, the former municipal court of this city sustaining the complaint; but an appeal having been taken from this judgment, the appellate court dismissed the complaint, rendering judgment in favor of Montell, with the costs against the plaintiff.

"Fourth. As a consequence of this unjust attachment, Julio Montell was deprived of the enjoyment and legitimate disposition of this sum, and especially prevented from making repairs of an urgent character upon a house which he possessed in Cataño, and which, owing to its not having been repaired in due time, has fallen into worse condition, these repairs now costing him $210 more than on said date.

"Fifth. In order to defend himself against the unjust complaint he was obliged to avail himself of the services of a person versed in the law, and was obliged to pay $175 for such services.

"Sixth. He has also been obliged to pay innumerable expenses for transportation to attend the municipal, district and Supreme courts an infinite number of times.

"Seventh. In addition to these material damages Montell has suffered great mental anguish, in the first place through the death of his wife, who fell ill , and on account of a lack of means did not have good medical advice nor medicine in time, notwithstanding that he owned $480 of which he could not dispose owing to the unjust attachment levied.

"Eighth. If the said sum had not been attached Montell would have repaired this house in due time (the cost of which repairs at that time amounted to only $116.33), and the remainder, consisting of

$380, invested in some industry or loaned out would have produced, after payment of the expenses of living, at least $45.60 during the year, and if to this be added the innumerable trips to the municipal, district and Supreme courts, which I estimate at $15.40, the total amount of damages reaches $446.''

Manuel Díaz Caneja, in answering the complaint, accepted the first three allegations of fact thereof and denied the others, also alleging in his defense that the attachment of the $480 was not unjust but legal, because the defendant, as collector of religious foundations, was under the obligation of protecting the interests entrusted to his charge, as he had done by bringing an action against Montell for the recovery of two annuities (*censos*), and the interest thereon which encumbered the estate which the former had sold to Federico Hawes, and by requesting the attachment of $480 which the latter had retained in his possession until the existence or nonexistence of the annuities had been settled, without Mentell being able to dispose of said sum until the judicial proceedings were decided.

Díaz Caneja further denied in his complaint that the various items which make up the total sum claimed in the complaint, can be qualified as loss and damage.

The Municipal Court of Bayamón rendered judgment, from which an appeal was taken to the District Court of San Juan, the latter rendering the following judgment:

''Number 244. *Julio Montell, plaintiff, appellant,* v. *Manuel Díaz Caneja, defendant, respondent.* For loss and damage. *Judgment.*— On August 19, 1905, in open court, this case was called for trial in its regular order, and both parties appeared through their counsel, and announced that they were prepared. The plaintiff and appellant made his allegations and was followed by the defendant and respondent. The plaintiff and appellant presented his evidence, which was heard, and finally both parties made oral arguments. And the court having heard the allegations, the evidence and the arguments, is of the opinion that the law and the facts are in favor of the defendant and respondent, and therefore, renders judgment holding that the plaintiff and appellant should not recover the loss and damage sought in the complaint with the costs against the said plaintiff and appellant.

And it is ordered that this judgment be entered in the book of judgments of this court. Pronounced in open court this 23d day of September, 1905.—Emilio del Toro, judge; José E. Figueras, secretary.

Counsel for Julio Montell took an appeal from this judgment, having presented in this Supreme Court the proper record which contains the evidence heard at the trial, such evidence consisting of the testimony of witnesses and documentary evidence, without any bill of exceptions or statement of facts.

We cannot enter upon an examination of the result of the evidence taken at the trial, as it has not come to the record in proper form, that is to say, by exception as provided in section 214 of the Code of Civil Procedure, as this court has previously held on a number of occasions.

Nevertheless, apart from the result of the evidence and confining ourselves to the facts alleged in the complaint, of which the first three have been accepted by the defendant, we are of the opinion that such facts do not constitute the cause of action for damages brought by Julio Montell.

Although Montell alleges that he brings his action to recover loss and damage caused by the attachment of $480, it is a fact that his claim is not limited to loss and damage which he alleges he suffered by the attachment, but extends to loss and damage which he derives from the action prosecuted against him by Díaz Caneja for the recovery of annuities and interest thereon. The items which make up the $446, the total amount of indemnity sought to be recovered, are the following:

1. Two hundred and ten dollars, the increased cost of the repairs to a house, which Montell could not make in due time owing to a lack of means by reason of the attachment.

2. Forty-five dollars and sixty cents, the least he would have earned by investing in an industry or lending out for the year the $380 which would have remained to him of the $480 after deducting therefrom the amount he would have invested in the aforesaid repairs.

3. One hundred and seventy-five dollars which he was compelled to pay to defend himself against the complaint.

4. Fifteen dollars and forty cents, for trips to the Municipal Court of Bayamón, the District Court of San Juan, and to this Supreme Court.

With regard to the first two items, which undoubtedly bear a relation to the attachment as the complaint does not specifically allege that Montell could freely dispose of the $480 attached before such attachment, and, on the contrary, it is alleged that said sum was in the possession of Federico Hawes, without explaining on what ground, it is evident that it does not appear from the complaint that the loss and damage represented by said two items, alleged to be derived from the attachment, had such origin, because it could very well have happened that even without the attachment having been levied Montell might have been prevented from freely disposing of the $480 for the repairs to his house and to invest the remainder in some industry or loan; it appears that the defendant could in no case be responsible for consequences so remote from the attachment as those alleged by the plaintiff and which do not have any direct and necessary relation thereto.

With regard to the third and fourth items of the amount of the indemnity for loss and damage sought, alleged to be due to the action brought by Díaz Caneja against Montell, it appears from the statement of the latter that the final judgment dismissed said complaint rendering judgment in favor of Montell, with the costs against Díaz Caneja; and, consequently, following the jurisprudence of the Supreme Court of Spain, we are of opinion that the only correction applicable in each specific case when the unjustified claims of a litigant are rejected, was applied to Díaz Caneja—that is to say, the taxation of costs which in this case should have been regulated and collected in the proper manner under the law in force when said judgment was rendered.

For the reasons stated, the judgment of the District Court of San Juan of September 23d of last year should be affirmed, with the costs of the appeal against the appellant.

*Affirmed.*

Chief Justice Quiñones, and Justices Figueras, MacLeary and Wolf concurred.